IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Hayward L. Rogers, #278510, | ) C/A No.: 3:14-cv-4271-TMC-WWD |
| | ) |
| Plaintiff, | ) |
| | ) **REPORT AND RECOMMENDATION** |
| v. | ) |
| | ) |
| Martha M. Valentino, *City of West Columbia, SC*; Jason Amodio, *West Columbia Police Dept.*; Wendy Frazier, *West Columbia Police Dept.*; Dayton Riddle, *Lexington County Asst. Solicitor*; Wanda Carter, *Appellate Defense*; Tara Dawn Shurling, *Esq.*; William E. Salter, *Asst. Attorney General*; and William Y. Rast, *Esq.*, | ) ) ) ) ) ) ) ) ) |
| | ) |
| Defendants. | ) |
| | ) |

Plaintiff Hayward L. Rogers ("Plaintiff" or "Rogers"), proceeding pro se and in forma pauperis, brings this civil action against one employee of the City of West Columbia, two employees of the City of West Columbia Police Department, one Assistant Attorney General, one assistant solicitor, and three other attorneys. (See generally Dkt. No. 1.) Pursuant to the provisions of 28 U.S.C. §636(b)(1), and Local Rule 73.02(B)(2) (D.S.C.), the undersigned United States Magistrate Judge is authorized to review such complaints for relief and to submit findings and recommendations to the District Court. After careful review, the undersigned recommends that Plaintiff's Complaint be summarily dismissed, without prejudice and without issuance and service of process, for the reasons stated below.

**PRO SE AND IN FORMA PAUPERIS REVIEW**

Under established local procedure in this judicial district, a careful review has been made of the pro se complaint pursuant to the procedural provisions of 28 U.S.C. § 1915. The review has been conducted in light of the following precedents: Neitzke v. Williams, 490 U.S. 319, 324-25 (1989); Estelle v. Gamble, 429 U.S. 97 (1976); Haines v. Kerner, 404 U.S. 519 (1972); and Gordon v. Leeke, 574 F.2d 1147 (4th Cir. 1978). The Complaint herein has been filed pursuant to 28 U.S.C. § 1915, which permits an indigent litigant to commence an action in federal court without prepaying the administrative costs of proceeding with the lawsuit. To protect against possible abuses of this privilege, the statute allows a district court to dismiss the case upon a finding that the action is "frivolous or malicious," "fails to state a claim on which relief may be granted," or "seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. §1915(e)(2)(B). Hence, under 28 U.S.C. §1915(e)(2)(B), a claim based on a meritless legal theory may be dismissed sua sponte. Neitzke, 490 U.S. 319.

This Court is required to liberally construe pro se documents, Estelle v. Gamble, 429 U.S. 97 (1976), holding them to a less stringent standard than those drafted by attorneys, Hughes v. Rowe, 449 U.S. 5 (1980) (per curiam). Even under this less stringent standard, however, a pro se complaint is subject to summary dismissal. The mandated liberal construction afforded pro se pleadings means that if the court can reasonably read the pleadings to state a valid claim on which the plaintiff could prevail, it should do so, but a district court may not rewrite a complaint to "conjure up questions never squarely presented" to the court. Beaudett v. City of Hampton, 775 F.2d 1274, 1278 (4th Cir. 1985). The requirement of liberal construction does not mean that the court can ignore a clear

failure in the pleading to allege facts which set forth a claim currently cognizable in a federal district court. Weller v. Dep't. of Soc. Servs., 901 F.2d 387 (4th Cir. 1990).

## BACKGROUND

As noted above, Plaintiff filed the instant suit against one employee of the City of West Columbia (Defendant Valentino), two employees of the City of West Columbia Police Department (Defendants Amodio and Frazier), one Assistant Attorney General (Defendant Salter), one assistant solicitor (Defendant Riddle), and three other attorneys (Defendants Carter, Shurling, and Rast). (See generally Dkt. No. 1.) Plaintiff states that he seeks to litigate "unlawful false arrest [and] false imprisonment" in the instant action. (Dkt. No. 1 at 2 of 6.)

Plaintiff alleges that the West Columbia Defendants "conspired to falsely arrest the plaintiff on October 6, 1998, and conspired to falsely convict and imprison[] the plaintiff." (Dkt. No. 1 at 3 of 6.) He alleges that Defendant Valentino "did on October 15, 1998 and by fraudulent means issue[] and sign[] perjured affidavits" because Valentino "had no authority to act as a Judge under any capacity" as she "has never been appointed to take the subscribed and prescribed oath and never been certified by a municipal judge, and has never been nominated by the state commission and neither elected to be a judge by legislatures." (Dkt. No. 1 at 3 of 6.) Plaintiff states,

> Through misconduct in office, obstruction of justice conspiracy, deprivations of constitutional federally created rights, Valentino, Amodio, and Frazier used the fraudulent warrants to arrest the Plaintiff in violation of his Fourth Amendment right to the U.S. Constitution.

(Id.)

As to the attorney Defendants (prosecutor and defense attorneys), Plaintiff alleges they "knew the arrest warrants w[ere] bogus and fraudulent but conspired to hide these facts and to deprive the Plaintiff" of his constitutional rights. (Id.) He complains that Defendant Salter, an Assistant Attorney General, deprived him of his constitutional rights "by misrepresenting the state in conspiring to create cruel and unusual punishments upon the plaintiff," essentially arguing he was erroneously sentenced to life without parole by use of a 1979 conviction for assault and battery with intent to kill when the "crime classification act . . . did not come into effect until 1986." (Id. at 3-4 of 6.) Plaintiff identifies other alleged conspiracies related to his criminal convictions. (See, e.g. Dkt. No. 1 at 4 of 6.)

In the "Relief" section of his Complaint, Plaintiff "ask[s] for an investigation" and "request[s] felony charges for conspiracy, obstruction of justice, misconduct in office and any other the court deems necessary." (Dkt. No. 1 at 6 of 6.) He states that he seeks a declaratory judgment, "injunctive relief, and any other relief the court deems necessary, and [to] order the conviction void or vacate conviction." (Id.)

## DISCUSSION

Plaintiff's suit is subject to summary dismissal for several reasons.[1] To the extent Plaintiff seeks to challenge his criminal convictions in the instant § 1983 action, he cannot

---

[1] In February of 1999, the Lexington County Grand Jury indicted Rogers for two counts of first degree criminal sexual conduct (CSC) (1999-GS-32-815 and 1999-GS-32-818), kidnapping (1999-GS-32-813), strong armed robbery (1999-GS-32-814), and assault and battery with intent to kill (ABWIK) (1999-GS-32-819). See Rogers v. Cartledge, Civ. A. No. 2:12-cv-1858-TMC (D.S.C.). A jury trial was held on September 17-21, 2001, before the Honorable Marc H. Westbrook, and the jury convicted Plaintiff as charged. See R. at 1-903, 990-1020 in Rogers v. Cartledge, Civ. A. No. 2:12-cv-1858-TMC (D.S.C.). Judge Westbrook sentenced Plaintiff as follows: (a) to life without the possibility of parole for kidnapping; (b) to life without the possibility of parole for ABWIK; (c) life without the possibility of parole for each CSC conviction; and (d) fifteen years of incarceration for strong arm robbery. See R. at 887-88, 901-02 in Rogers v. Cartledge, Civ. a. No. 2:12-cv-1858-TMC (D.S.C.). Judge Westbrook indicated that the sentences would run concurrently. See R. at 887-88, 902 in Rogers v. Cartledge, Civ. a. No. 2:12-cv-1858-TMC (D.S.C.).

do so. See Abella v. Rubino, 63 F.3d 1063, 1066 (11th Cir. 1995) (a case applying Preiser v. Rodriquez, 411 U.S. 475 (1973), to dismiss a civil rights action for injunctive relief under Bivens that would overturn a conviction); see also Edwards v. Balisok, 520 U.S. 641, 648 (1997) ("We conclude, therefore, that respondent's claim for declaratory relief and money damages, based on allegations of deceit and bias on the part of the decisionmaker that necessarily imply the invalidity of the punishment imposed, is not cognizable under § 1983."); Esensoy v. McMillan, No. 06-12580, 2007 WL 257342, at *2 (11th Cir. Jan. 31, 2007) (affirming district court's dismissal of state prisoner's complaint seeking declaratory and injunctive relief, concluding the claims were barred by Heck v. Humphrey, 512 U.S. 477 (1994)).

As noted above, Plaintiff states that he seeks to litigate "unlawful false arrest [and] false imprisonment" in the instant action. (Dkt. No. 1 at 2 of 6.) Section 1983 actions premised on alleged false arrest and/or false imprisonment claims are analyzed as unreasonable seizures under the Fourth Amendment. See, e. g., Brown v. Gilmore, 278 F.3d 362, 367 (4th Cir. 2002) (recognizing that a plaintiff alleging a § 1983 false arrest claim needs to show that the officer decided to arrest him without probable cause to establish an unreasonable seizure under the Fourth Amendment); Rogers v. Pendleton, 249 F.3d 279, 294 (4th Cir. 2001) (claims of false arrest and false imprisonment "are essentially claims alleging a seizure of the person in violation of the Fourth Amendment"). The Fourth Amendment protects "[t]he right of the people to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures." U.S. CONST. amend. IV. Under § 1983, "a public official cannot be charged with false arrest when he arrests a

defendant pursuant to a facially valid warrant." Porterfield v. Lott, 156 F.3d 563, 568 (4th Cir. 1998) (citing Brooks v. City of Winston-Salem, 85 F.3d 178 (4th Cir. 1996)).

In the instant case, Plaintiff was arrested pursuant to warrants, and the warrants appear facially valid. (See Dkt. No. 1-1 at 2-6 of 15.) Plaintiff's claim for false arrest therefore fails. See Dorn v. Town of Prosperity, 375 F. App'x 284, 288 (4th Cir. 2010) (reversing judgment against the defendant town on plaintiff's claim for false arrest where the plaintiff was "arrested pursuant to a facially valid warrant" issued by a municipal judge). Plaintiff's main complaint is that Valentino did not have authority to issue the warrant. Presently, Valentino is a Municipal Judge for the City of West Columbia, South Carolina; after her signature on the warrants, however, appears the term "Ministerial Recorder." (Dkt. No. 1-1 at 2-6 of 15.) Regardless of whether a Municipal Judge or a Ministerial Recorder at the time the warrants were signed in 1998, Plaintiff's claim for false arrest and false imprisonment fails. See S.C. CODE ANN. § 14-25-45 ("The [municipal] court shall also have all such powers, duties and jurisdiction in criminal cases made under state law and conferred upon magistrates."); S.C. CODE ANN. § 14-25-115 ("Ministerial recorders shall have the power to set and accept bonds and recognizances and to issue summonses, subpoenas, arrest warrants, and search warrants in all cases arising under the ordinances of the municipality, and in criminal cases as are now conferred by law upon magistrates."); see also Shadwick v. City of Tampa, 407 U.S. 345, 345-46 (1972) (holding that clerks of the Tampa Municipal Court "qualify as neutral and detached magistrates for purposes of the Fourth Amendment"); City of Pickens v. Schmitz, 297 S.C. 253, 256, 376 S.E.2d 271, 272 (1989) (holding that "Municipal Courts authorized by Act No. 480 comply with the requirements of South Carolina Constitution Article V, § 1"); State v. Sachs, 264 S.C. 541,

216 S.E.2d 501 (1975) (rejecting various arguments challenging the neutrality of ministerial recorder).

Additionally, Plaintiff's claims against Defendants Carter, Shurling, and Rast should be dismissed because they did not act under the color of state law.  A civil action under § 1983 allows "a party who has been deprived of a federal right under the color of state law to seek relief." City of Monterey v. Del Monte Dunes at Monterey, Ltd., 526 U.S. 687, 707 (1999). To state a claim under § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law. West v. Atkins, 487 U.S. 42, 48 (1988). An attorney, whether retained, court-appointed, or a public defender, does not act under color of state law, which is a jurisdictional prerequisite for any civil action brought under § 1983. See Polk County v. Dodson, 454 U.S. 312, 317-25 (1981) (public defender); Hall v. Quillen, 631 F.2d 1154, 1155-56 (4th Cir. 1980) (court-appointed attorney); Deas v. Potts, 547 F.2d 800 (4th Cir. 1976) (private attorney). Accordingly, Defendants Carter, Shurling, and Rast should be summarily dismissed.

Finally, Plaintiff's suit is subject to summary dismissal because it is barred by the statute of limitations. There is no federal statute of limitations for actions under § 1983, and it is well settled that the limitations period for § 1983 claims is to be determined by the analogous state law statute of limitations. See Williams v. Garcia, 471 U.S. 261 (1985), superseded by statute on other grounds as stated in Jones v. R.R. Donnelly & Sons, Co., 541 U.S. 369 (2004); see also Owens v. Okure, 488 U.S. 235, 240-41 (1989) ("Because § 1983 claims are best characterized as personal injury actions, . . . a State's personal injury statute of limitations should be applied to all § 1983 claims." (internal quotation marks

7

omitted)). In South Carolina, the general or residual statute of limitations for personal injury claims is codified at South Carolina Code § 15-3-530(5), which provides the statute of limitations is three years for "an action for assault, battery, or any injury to the person or rights of another, not arising on contract and not enumerated by law . . . ." S.C. CODE ANN. § 15-3-530(5). Plaintiff's § 1983 claims are subject to a three-year statute of limitations. See Owens, 488 U.S. at 240-41; S.C. CODE ANN. § 15-3-530(5); see also Williams v. City of Sumter Police Dep't, No. 3:09-2486-CMC-PJG, 2011 WL 723148, at *3 (D.S.C. Feb. 23, 2011) (concluding the plaintiff had three years in which to file his § 1983 action).

The actions of which Plaintiff complains occurred in 1998, see Dkt. No. 1 at 3 of 6, and Plaintiff's criminal trial occurred in 2001. See R. at 1-903 in Rogers v. Cartledge, Civ. A. No. 2:12-cv-1858-TMC (D.S.C.).[2] Plaintiff filed the instant suit on October 27, 2014. (See Dkt. No. 1 at 6 of 6; Dkt. No. 1-3 at 1-22 of 3.) The statute of limitations on Plaintiff's claims has long run. In Wallace v. Kato, 549 U.S. 384 (2007), the Supreme Court stated,

> Limitations begin to run against an action for false imprisonment when the alleged false imprisonment ends. . . .
> Reflective of the fact that false imprisonment consists of detention without legal process, a false imprisonment ends once the victim becomes held pursuant to such process-when, for example, he is bound over by a magistrate or arraigned on charges. Thereafter, unlawful detention forms part of the damages for the "entirely distinct" tort of malicious prosecution, which remedies detention accompanied, not by absence of legal process, but by wrongful institution of legal process. If there is a false arrest claim, damages for that claim cover the time of detention up until issuance of process or arraignment, but not more. From that point on, any damages recoverable must be based on a malicious prosecution claim and on the wrongful use of judicial process rather than detention itself.  Thus, petitioner's contention that

---

[2] The undersigned notes that Plaintiff has been arguing he was falsely arrested and falsely imprisoned because "the warrants used to arrest [him] w[ere] not properly issued by a magistrate" since at least 2006. See Dkt. No. 1-2 at 3 of 9 in Rogers v. West Columbia et al., Civ. A. No. 8:06-3058-MBS (D.S.C.).

his false imprisonment ended upon his release from custody, after the State dropped the charges against him, must be rejected. It ended much earlier, when legal process was initiated against him, and the statute would have begun to run from that date. . . .

Wallace, 549 U.S. at 389-90 (internal quotation marks and citations omitted); see also Brooks v. City of Winston-Salem, N.C., 85 F.3d 178, 182 (4th Cir. 1996) (finding the plaintiff's § 1983 claim for an alleged warrantless arrest unsupported by probable cause accrued on the date of the plaintiff's arrest, but noting the claim analogous to malicious prosecution was not time-barred because since "§ 1983 actions seeking damages for unconstitutional arrest or confinement imposed pursuant to legal process-claims most analogous to the common-law tort of malicious prosecution-must allege and prove a termination of the criminal proceedings favorable to the accused, such claims do not accrue until a favorable termination is obtained").[3] Because Plaintiff's arrest-and his ultimate conviction–occurred over ten years ago, the instant action is plainly untimely.

## RECOMMENDATION

For the foregoing reasons, Plaintiff's Complaint should be summarily dismissed, without prejudice and without issuance and service of process. Plaintiff's attention is directed to the important notice on the next page.

*/s/ Wallace W. Dixon*
WALLACE W. DIXON
UNITED STATES MAGISTRATE JUDGE

December 29, 2014
Charleston, South Carolina

---

[3]To the extent Plaintiff attempts to bring a malicious prosecution claim, such a claim is barred by Heck v. Humphrey, 512 U.S. 477 (1994).

9

**Notice of Right to File Objections to Report and Recommendation**

The plaintiff is advised that he may file specific written objections to this Report and Recommendation with the District Judge.  **Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections.**  "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" Diamond v. Colonial Life & Acc. Ins. Co., 416 F.3d 310 (4th Cir. 2005) (quoting the advisory committee's note to Rule 72 of the Federal Rules of Civil Procedure ("Fed. R. Civ. P.")).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P.72(b); see Fed. R. Civ. P. 6(a), (d).  Filing by mail pursuant to Fed. R. Civ. P. 5 may be accomplished by mailing objections to:

> **Robin L. Blume, Clerk of Court**
> **United States District Court**
> **Post Office Box 835**
> **Charleston, South Carolina 29402**

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.**  28 U.S.C. § 636(b)(1); Thomas v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984).