IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

| | |
|---|---|
| Hayward L. Rogers, #278510,               ) | |
| ) | C/A No. 3:14-4271-TMC |
| Plaintiff,              ) | |
| ) | |
| v.                         ) | **ORDER** |
| ) | |
| Martha M. Valentino, City of West          ) | |
| Columbia, SC; Jason Amodio, West         ) | |
| Columbia Police Dept.; Wendy Frazier,    ) | |
| West Columbia Police Dept.; Dayton       ) | |
| Riddle, Lexington County Asst. Solicitor; ) | |
| Wanda Carter, Appellate Defense; Tara   ) | |
| Dawn Shurling, Esq.; William E. Salter,   ) | |
| Asst. Attorney General; and William Y.   ) | |
| Rast, Esq.,                                          ) | |
| ) | |
| Defendants.           ) | |
| _____) | |

Plaintiff, a state prisoner proceeding pro se, filed this action pursuant to 42 U.S.C. § 1983. In accordance with 28 U.S.C. § 636(b)(1) and Local Civil Rule 73.02, D.S.C., this matter was referred to a magistrate judge for pretrial handling. Before the court is the Magistrate Judge's Report and Recommendation ("Report"), recommending that Plaintiff's complaint be summarily dismissed without prejudice and without issuance and service of process. (ECF No. 11). Plaintiff timely filed objections to the Report. (ECF No. 15). Plaintiff also filed a motion to amend the complaint. (ECF No. 13).

The Magistrate Judge makes only a recommendation to the court. The Report has no presumptive weight and the responsibility to make a final determination in this matter remains with this court. *See Mathews v. Weber*, 423 U.S. 261, 270-71 (1976). In making that determination, the court is charged with conducting a de novo review of those portions of the Report to which either party specifically objects. *See* 28 U.S.C. § 636(b)(1). Then, the court may accept, reject, or modify the Report or recommit the matter to the magistrate judge. *Id*.

As set forth above, Plaintiff timely filed objections to the Report. (ECF No. 15). However, the court has thoroughly reviewed the Report, Plaintiff's objections, and the record in this case and finds no reason to deviate from the Report's recommended disposition. As the Magistrate Judge stated in his Report, Plaintiff's action is based upon conduct which occurred in 1998, and is barred by the statute of limitations. (Report at 8). The court finds Plaintiff's objections are without merit.

Furthermore, Plaintiff's motion to amend the complaint is denied as futile. "[L]eave to amend a pleading should be denied only when the amendment would be prejudicial to the opposing party, there has been bad faith on the part of the moving party, or the amendment would be futile." *Edwards v. City of Goldsboro*, 178 F.3d 231, 242 (4th Cir. 1999) (quoting *Johnson v. Oroweat Foods Co.*, 785 F.2d 503, 509 (4th Cir. 1986)) (emphasis in original). Plaintiff has not proposed any amendment that would remedy the deficiencies in his complaint; it is still barred by the statute of limitations. Thus, the court denies the motion as futile.

Based on the foregoing, the court adopts the Report (ECF No. 11), and Plaintiff's complaint is summarily **DISMISSED** without prejudice and without issuance and service of process. Further, Plaintiff's motion to amend the complaint (ECF No. 13) is **DENIED**.

**IT IS SO ORDERED.**

                    s/Timothy M. Cain
                    United States District Judge

Anderson, South Carolina
January 21, 2015